# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT BLANDINO, et al.,<br><br>Defendants. | Case No. 2:16-cv-2201-APG-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(ECF Nos. 22, 24, 27)** |

On July 7, 2017, defendant Albert Blandino filed a "notice of dismiss," which I construe as a motion to dismiss. ECF No. 24. However, prior to that (on June 23, 2017), the clerk of court entered default against Blandino because he failed to timely plead or otherwise defend in this action. ECF No. 22. Thus, Blandino's motion to dismiss was a rogue document; he should have moved to set aside the default before moving to dismiss the complaint. I therefore deny Blandino's motion to dismiss as improperly filed.

Plaintiff Criminal Productions, Inc. did not oppose Blandino's motion to dismiss. Rather, it filed a motion for default judgment. ECF No. 27. "Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether a default judgment will be granted is within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of

a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72. These factors convince me not to enter default judgment against Blandino.

Criminal's Amended Complaint contains vague and generalized allegations against "each Defendant," but no allegations about Blandino's specific wrongful acts. *See, e.g.*, ECF No. 7 at 6-7 (Based on the investigator's analysis of the Defendants' IP addresses, each Defendant was a participant in a "swarm," "[e]ach Defendant had copied a piece of the Plaintiff's copyrighted Work . . . and [t]herefore, each Defendant was part of the same series of transactions.").

Blandino's motion and attached exhibits demonstrate that he may have a viable defense to some or all of Criminal's claims. For instance, Blandino contends that he gave his neighbor access to his wireless internet connection, and this neighbor may have unlawfully downloaded Criminal's movie. ECF No. 24 at 1, 7. This may negate Criminal's claim that Blandino knowingly and willfully infringed Criminal's rights or derived some benefit from the unlawful download. ECF No. 7 at ¶¶ 47, 50, 58, 59, 65. Moreover, if Blandino's allegations of near poverty are true, the sum of money sought by Criminal could be considered extraordinarily burdensome to Blandino. ECF No. 24 at 1.[1]

Based on the *Eitel* factors, entry of default judgment is not warranted in this case. Given that Blandino has appeared *pro se*, that he has articulated potential defenses to Criminal's claims, and that he was taking efforts to find an attorney and participate in this case (ECF No. 24 at 1), I will set aside the default that was entered against him. I will refer Blandino to the court's pro bono program to determine whether a lawyer is willing to defend Blandino in this case. Blandino is still responsible for filing an answer or other response to Criminal's Amended Complaint, even if no attorney will represent him. I will extend the deadline by which he must file an answer or

---

[1] While poverty is not a defense, the amount of the judgment sought is one of the *Eitel* factors I must consider.

other response to 60 days from entry of this order, to afford him time to seek counsel through the pro bono program or to prepare his response on his own.

IT IS THEREFORE ORDERED that defendant Blandino's motion to dismiss **(ECF No. 24) is DENIED.**

IT IS FURTHER ORDERED that the plaintiff's motion for default judgment **(ECF No. 27) is DENIED.**

IT IS FURTHER ORDERED that the clerk's entry of default **(ECF No. 22) is VACATED.** Blandino will have until October 9, 2017 to file an answer or other response to the plaintiff's Amended Complaint. By separate order, I will refer Blandino to the court's pro bono program.

Dated: August 8, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE